MATTER OF CARDENAS-PINEDO

In DEPORTATION Proceedings

A-10720991

*Decided by Board August 12, 1963*

A lawful permanent resident, upon return to the U.S. following an innocent, casual absence to Mexico for a few hours to visit relatives did not make an entry upon which to predicate a ground of deportation [*Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963)]. (See also, *Matter of Yoo*, Int. Dec. No. 1305.)

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable as alien convicted of crime involving moral turpitude, theft.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable as alien who admits commission of crime involving moral turpitude, theft.

The case comes forward pursuant to certification by the special inquiry officer of his order dated June 28, 1963 terminating the proceedings.

The record relates to a native and citizen of Mexico, 25 years old, male, married, who was admitted to the United States for permanent residence as a nonquota immigrant on June 25, 1958. Although the record of conviction shows that the respondent was convicted on January 18, 1962, it was found that the respondent was in fact convicted on November 22, 1961 in the 34th Judicial District Court, El Paso, Texas, upon his plea of guilty on the charge of theft of property of the value of $50 and over and received a suspended sentence for a period of three years. Although the charge in the order to show cause was abandoned because of the decision in *Matter of L—R—*, 7 I. & N. Dec. 318 (Attorney General 1957) the lodged charge based upon the admission of the commission of the crime because of the plea of guilty was sustained. For the purposes of this case, we shall consider the lodged charge as sustained and shall pass on to a consideration of the primary issue raised by the certification.

The respondent had the status of a resident alien in the United States, having been admitted as a nonquota immigrant on June 25,

1958. Following that admission he resided in the United States and has continued to reside in this country until the present time. His wife is a United States citizen and he has three children all of whom are United States citizens. He has had the same employment in the United States since his entry as an immigrant. Following the date of his admission as an immigrant, the respondent has made brief visits to Mexico. Subsequent to his plea of guilty the respondent has made visits of brief duration not exceeding a few hours to visit relatives in Mexico, returning thereafter to his home and family here in the United States. Inasmuch as the respondent experienced no difficulty in entering the United States upon the occasion of each return, it is assumed for the purpose of this discussion that he presented the required document, namely, a Form I-151 Alien Registration Receipt Card.

The Supreme Court in the recent case of *Rosenberg v. Fleuti*, 374 U.S. 449, 10 L. ed. 2d 1000 (June 17, 1963), considered the definition of the term "entry" as set out in section 101(a)(13) of the Immigration and Nationality Act in connection with the case of a resident alien who returned to the United States after a brief visit in Mexico and who it was contended was excludable as an alien afflicted with psychopathic personality under section 212(a)(4) by reason of the fact that he was a homosexual. As defined in section 101(a)(13) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(13), "the term 'entry' means any coming of an alien into the United States, from a foreign port or place or from an outlying possession, whether voluntarily or otherwise, except that an alien having a lawful permanent residence in the United States shall not be regarded as making an entry into the United States for the purposes of the immigration laws if the alien proves to the satisfaction of the Attorney General that his departure to a foreign port or place or to an outlying possession was not intended or reasonably to be expected by him or his presence in a foreign port or place or in an outlying possession was not voluntary; * * *"

The court reviewed the history of the judicial definition of the term "entry" as expressed most restrictively in *U.S. ex rel. Volpe v. Smith*, 289 U.S. 422, and as relaxed by the holdings in *Di Pasquale v. Karnuth*, 158 F. 2d 878 (New York) and *Delgadillo v. Carmichael*, 333 U.S. 388;[1] and referred to the House and Senate Committee Reports preceding enactment of the bill containing the definition.[2] The court quoted the decisions in *Di Pasquale v. Karnuth*, and *Delgadillo v.*

---

[1] Followed in *Yukio Chai v. Bonham*, 165 F. 2d 207 (9th Cir. 1947) and *Carmichael v. Delaney*, 170 F. 2d 239 (9th Cir. 1948).

[2] H.R. No. 1365, 82nd Cong., 2d Sess. 32, 1952; S.R. No. 1137, 82nd Cong., 2d Sess. 4 (1952).

*Carmichael, supra* in which it was recognized that the "interests at stake" for the resident alien are "momentous" and that "the stakes are indeed high and momentous for the alien who has acquired a residence here." Combining these statements with the more general observation appearing in *Delgadillo* that "deportation can be the equivalent of banishment or exile" it was held that the congressional protection of returning resident aliens in section 101(a)(13) was not to be woodenly construed. The court therefore concluded that it effectuates congressional purpose to construe the intent exception to section 101(a)(13) as meaning an intent to depart in a manner which can be regarded as meaningfully interruptive of the alien's permanent residence. It enumerated the major factors to whether such intent can be inferred as the length of time the alien is absent; the purpose of visit, as for example to accomplish some object which itself is contrary to some policy reflected by the immigration laws; and whether the alien has to secure any travel documents in order to make his trip. The court reached the conclusion that an innocent, casual and brief excursion by a resident alien outside this country's borders may not have been "intended" as a departure disruptive of his resident alien status and therefore may not subject him to the consequences of an "entry" into the country on his return.

In the instant case, the respondent, a permanent resident alien, made an innocent, casual and brief excursion to Mexico for a few hours. On the occasion of each absence he was going to visit relatives in Mexico. On its face, we cannot distinguish the present case from the holding in *Rosenberg v. Fleuti.*[3] We conclude that the respondent did not "intend" to depart in the sense contemplated by section 101(a)(13) and the deportation order cannot stand. The order of the special inquiry officer terminating the proceedings will be affirmed.

ORDER: It is ordered that the order of the special inquiry officer dated June 28, 1963 terminating the proceedings be and the same is hereby affirmed.

---

[3] 374 U.S. 449, 10 L. ed. 2d 1000.