MATTER OF WONG

In DEPORTATION Proceedings

A-12645326

*Decided by Board April 22, 1964*

Respondent, who has never been lawfully admitted to the United States for permanent residence, is ineligible for suspension of deportation under section 244(a)(1), Immigration and Nationality Act, as amended, since he is precluded from establishing continuous physical presence by reason of his brief absences of a few hours to Canada on 4 or 5 occasions during the statutory period. (*Rosenberg v. Fleuti*, 374 U.S. 449, inapplicable.)

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

The case comes forward on appeal from the order of the special inquiry officer dated January 23, 1964, denying the respondent's application for suspension of deportation and ordering that the respondent be deported from the United States to the Republic of China on Formosa.

The record relates to a native and citizen of China, 27 years old, male, single, who last entered the United States sometime in 1958 at Buffalo, New York, and was admitted upon his false representation that he was a citizen of the United States, exhibiting a certificate of citizenship which had been issued to him in support of this claim. He has conceded that he originally entered the United States upon a knowing false claim of United States citizenship. The evidence establishes and the respondent has conceded that he is subject to deportation as charged in the order to show cause.

The case was last before us on December 18, 1963, pursuant to certification by the special inquiry officer of his decision dated June 25, 1963. On December 5, 1958, the respondent was inducted into the United States Army and served until November 15, 1960. This period of service was 20 days short of 2 years of service and he was transferred to the Army Reserves apparently for the convenience of the Government. We considered the question of whether the respondent

was entitled to the benefits of section 244(b) of the Immigration and Nationality Act, as amended, by the Act of October 24, 1962 (76 Stat. 1247), which exempted from the requirement of continuous physical presence in the United States specified in the Act, aliens who had served for a period of 24 months in an active duty status in the Armed Forces of the United States. We held that respondent was not within the exception set forth in section 244(b) of the Act because he had not in fact served the full 24 months required by that section.[1]

The evidence establishes that while he resided at Buffalo, New York, the respondent had made 4 or 5 short visits to Canada during the period 1955 to 1958, and was readmitted by exhibiting his certificate of citizenship and falsely claiming United States citizenship. In our order of December 18, 1963, we remanded the case for consideration in the light of *Rosenberg v. Fleuti*, 374 U.S. 449 and for such other action as might appear appropriate.

The respondent testified that on the occasion of each of his 4 or 5 visits to Canada from December 1955 to December 1958, he traveled to Fort Erie, Ontario, Canada, by bus and remained there a few hours each time, staying overnight once for the purpose of visiting, going to the movies, and things of a similar nature. The case of *Rosenberg v. Fleuti*[2] interpreted the term entry as defined in section 101(a)(13) as "any coming of an alien into the United States, from a foreign port or place * * * except that an alien having a lawful permanent residence in the United States shall not be regarded as making an entry into the United States for the purposes of the immigration laws if the alien proves to the satisfaction of the Attorney General that his departure to a foreign port or place * * * was not intended by him * * *." Inasmuch as Fleuti had been admitted to the United States as a lawful permanent resident before his brief visit to Mexico, the court extended the intent exception provided for in section 101(a)(13) to cover a brief, casual trip to Mexico and ruled that the alien in that case had not made a meaningful departure disruptive of his physical presence in the United States. However, Fleuti was a lawful permanent resident in the United States and the definition in section 101(a)(13) applied to him. In the instant case the respondent had never been lawfully admitted for permanent residence and the *Fleuti* case is not deemed applicable.

Inasmuch as the respondent is not within the exceptions set forth in section 244(b) of the Act, he must establish that he has been physically present in the United States for a continuous period of not less than 7 years immediately preceding the date of his application on June 25, 1963. The record establishes that he has been absent from

[1] *Matter of Louie*, Int. Dec. No. 1310 (December 12, 1963).
[2] 374 U.S. 449.

the United States for 4 or 5 visits during the period from December 1955 to December 1958. The statute makes it clear that to qualify for suspension the respondent must have been in the United States without any absence, no matter how brief for the continuous period.[3] The case of *J—M—D—*, 7 I. & N. Dec. 105, involved an alien whose absence from the United States during the statutory period was caused by his military service. The requirement of continuous physical presence is now dispensed with by section 244(b) of the Immigration and Nationality Act, as amended, in the case of an alien who now serves for 24 months in military service. The case of *McLeod* v. *Peterson*, 283 F. 2d 180, also cited by counsel in his brief, involved an alien who departed upon erroneous advice of an Immigration Service Officer. There were present in that case peculiar equitable considerations, which excused the absence, not present in the instant case. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[3] *United States ex rel. Bruno* v. *Savoretti*, 133 F. Supp. 3 (W.D. Mo., 1955) affirmed 235 F. 2d 801 (8th Cir., 1956); *Matter of S—R—*, 6 I. & N. Dec. 405; *Matter of Z—A—N—*, 5 I. & N. Dec. 298, but see *Wadman* v. *Immigration and Naturalization Service*, 18, 645 (9th Cir., March 26, 1964).

515