MATTER OF JACOBSON

In DEPORTATION Proceedings

A-11309562

*Decided by Board December 4, 1964*

An applicant for suspension of deportation who, following illegal entry into the United States in 1953, was absent therefrom for a brief visit of 4 or 5 hours to Mexico in 1959 during the statutory period of required continuous physical presence, thereby broke the continuity of such physical presence and, therefore, is statutorily ineligible for suspension of deportation under section 244(a)(1), Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under section 212(a)(9) of the Act: Burglary, Third Degree [8 U.S.C. 1182(a)(9)]

The respondent, a native of Germany and last a citizen of Poland, appeals from an order entered by the special inquiry officer on September 21, 1964, directing his deportation to Poland on the charge stated in the order to show cause. The order also provides that in the event Poland refuses to accept the respondent he shall be deported to Germany. Suspension of deportation under section 244(a) and a stay of deportation under section 243(h) of the Immigration and Nationality Act were denied. The appeal is directed to the denial of discretionary relief.

The respondent, male, married, 53 years of age was lawfully admitted to the United States for permanent residence in 1929. He was convicted in 1935 in the State of New York for the crime of burglary, third degree and sentenced to serve a term of two and a half months to five years in the State Penitentiary. He served two years of that sentence and was deported from the United States on November 4, 1937, on the charge that he admitted committing a crime involving moral turpitude.

The respondent reentered the United States illegally without inspection in 1953 and has resided in the United States since that entry. He last entered the United States in 1959 after a brief visit to Mexico.

The finding of deportability is based upon the respondent's last entry in 1959 after a temporary visit of four or five hours in Mexico.

The respondent has applied for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act. The special inquiry officer finds that the respondent is not statutorily eligible for suspension of deportation under section 244(a)(1) for the reason that he has not been physically present in the United States for a continuous period of not less than seven years due to the fact that the respondent made a brief visit to Mexico in 1959. The special inquiry officer concludes that the "casual visit" doctrine laid down by the Supreme Court in the case of *Rosenberg* v. *Fleuti*,[1] is not applicable to respondent's case because he has not had a lawful entry. The special inquiry officer relies on the Board's decision in *Matter of Wong*, Int. Dec. No. 1334, BIA, April 22, 1964.

Counsel urges error in the special inquiry officer's conclusion. He reasons that section 244(a)(1) does not contain any requirement that an alien must be lawfully admitted into the United States as a condition precedent to the exercise of discretion. He maintains that the Board's opinion of July 15, 1963, directing a reopening of this proceeding to permit application for suspension of deportation, states in substance that the special inquiry officer should consider the principles laid down in the Fleuti case (*supra*) relative to Fleuti's brief absence from the United States as applying to respondent's brief absence of several hours in Mexico while attending a bull fight. It is undisputed that but for the visit of several hours in Mexico the respondent would meet the seven-year continuous presence requirement of the statute.

Before considering the merits of whether Fleuti is applicable in the instant case we wish to point out that our decision of July 15, 1963, merely calls the attention of the special inquiry officer to the Supreme Court's recent decision (June 1963) on the issue of a "casual visit" to Mexico. We stated "while that decision (Fleuti) is concerned primarily with the definition of 'entry,' the special inquiry officer may consider that it also affects respondent's eligibility for a grant of suspension of deportation." There is nothing in our decision which requires the special inquiry officer to accept the "casual visit" doctrine as applicable to the respondent's case.

The issue before us concerns whether the respondent's departure to Mexico in 1959 and reentry into the United States after a "casual visit" in Mexico of four or five hours duration interrupts the continuous presence requirement of section 244(a)(1) of the Immigration and Nationality Act. The case of *Rosenberg* v. *Fleuti* (*supra*) interpreted the term "entry" as defined in section 101(a)(13) as "any com-

---

[1] 83 Supreme Court 1804, 374 U.S. 449 (1963).

ing of an alien into the United States, from a foreign port or place . . . except that an alien having a lawful permanent residence in the United States shall not be regarded as making an entry into the United States for the purpose of the immigration laws if the alien proves to the satisfaction of the Attorney General that his departure to a foreign port or place . . . was not intended by him . . ." Inasmuch as Fleuti had been admitted to the United States as a lawful permanent resident before his brief visit to Mexico, the Supreme Court extended the intent exception of section 101(a) (13) to cover a brief, casual trip to Mexico and ruled that Fleuti had not made a "meaningful departure" disruptive of his physical presence in the United States.

The key words in the definition of the term "entry" which made the intent exception applicable to Fleuti are "any alien having a lawful permanent residence in the United States." Fleuti was a lawful permanent resident of the United States at the time he made his casual visit to Mexico. This respondent was not. He entered the United States illegally without inspection in 1953 after having been deported in 1937. He is not within any of the exceptions set forth in section 244(b) and since the record establishes that he has been absent from the United States within the seven-year period preceding his application for suspension of deportation we find that he is ineligible for suspension of deportation under section 244(a) (1) of the Immigration and Nationality Act.

Counsel in the alternative seeks a temporary stay of the respondent's deportation pursuant to the provisions of section 243(h) of the Immigration and Nationality Act. The special inquiry officer concludes that the respondent has not met the burden of proving that he would be subjected to physical persecution if deported to Poland or Germany. We affirm the conclusion of the special inquiry officer in this regard. The appeal will be dismissed.

ORDER: It is directed that the appeal be and the same is hereby dismissed.