MATTER OF WONG

In Deportation Proceedings

A-12517044

*Decided by Board May 10, 1967 and June 23, 1967*

Respondent, an applicant for suspension of deportation, who has never been lawfully admitted for permanent residence and who, during the statutory period, made 5 or 6 short visits to Canada reentering on each occasion on a false claim of U.S. citizenship, comes within the meaning of *Git Foo Wong v. Immigration and Naturalization Service*, 358 F.2d 151 (C.A. 9, 1966), and, therefore, is not precluded by such absences from establishing continuity of physical presence under section 244(a)(1) of the Immigration and Nationality Act, as amended. *Wong v. I. & N.S., supra*, and *Wadman v. I. & N.S.*, 329 F.2d 812 (C.A. 9, 1964), are no longer considered by the Board to be limited in scope but binding in all jurisdictions on the issue of continuous physical presence as required by section 244(a) of the Act, as amended. [*Matter of Wong*, 10 I. & N. Dec. 513, and *Matter of Jacobson*, 10 I. & N. Dec. 782, superseded.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

ON BEHALF OF RESPONDENT: Edwards E. Merges, Esquire
902 Norton Building
Seattle, Washington 98104
(Brief filed)

The case comes forward on appeal from the order of the special inquiry officer dated December 5, 1966 denying the application for suspension of deportation, granting voluntary departure in lieu of deportation with the further order that if the alien failed to depart when and as required, he be deported to the Republic of China on Formosa on the charge contained in the order to show cause.

DISCUSSION AS TO DEPORTABILITY: The respondent is a 36-year-old married male, native and citizen of China, of the Chinese race. He entered the United States at Seattle, Washington on May 6, 1952. At that time, he presented himself for inspection and was admitted as a United States citizen. He concedes that he was not then a United States citizen and did not present himself for inspection as

271

an alien and entered the United States without inspection as an alien. The charge in the order to show cause is sustained by his admissions.

**DISCUSSION AS TO ELIGIBILITY FOR SUSPENSION OF DEPORTATION:** The respondent applied for suspension of deportation under the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended October 24, 1962 (P.L. 87-885). The respondent's parents were both natives and citizens of China who never resided in the United States. The respondent resided with his family in Canton, China, until 1948 when he went to Hong Kong because of the Communist occupation of the Chinese mainland. He married Sun Chung Yee, a native and citizen of China in November 1947. He arranged for his wife to come to Canada as the wife of a Canadian Chinese, and since 1959 she has resided in Vancouver, B.C. They have three children, 16, 6 and 5 years old, respectively. The latter two children were born in Vancouver, B.C. There is evidence that the wife has been granted amnesty by the Canadian Government and has been granted a certificate of Canadian citizenship which was also granted to the oldest child who was born in China (Ex. 11).

In 1955, the respondent became a partner in the Foodway Market, a grocery store, in which he owns a one-third interest and from which he realizes about $3,500 a year. He has assets amounting to $9,672. His wife is not employed. The respondent registered for military service May 26, 1952 but has never been called for military training or service.

The respondent has established that he has been a person of good moral character during the seven years preceding his application for suspension of deportation up until the present time. Inquiry disclosed no connection with subversive groups. An independent character investigation failed to disclose any adverse information. National agency checks were negative. He has submitted affirmative evidence from persons who have known him since May 1952 until the present time which vouch for his good moral character. The respondent has also submitted evidence in the form of receipts for money orders that he has transmitted funds to his wife in Canada for her support and support of their children.

The respondent claims his deportation would result in extreme hardship to himself. He has made his home in the United States for approximately 14 years. He speaks acceptable English, and is a successful partner in a grocery business which he asserts is worth approximately $5,000. Because of the nature of the partnership, his interest would not be saleable or marketable to someone else, and he would suffer considerable financial hardship if deported. The respondent testified that he is not familiar with the dialect spoken in Formosa nor

could he earn a living if returned to Hong Kong. Although he has some means, he does not have sufficient financial resources to support himself in one country and his family in another country over an extended period of time.

The Chinese quota to which the respondent is chargeable is greatly oversubscribed, and he could not in the foreseeable future hope to obtain an immigrant visa. He could not adjust his status by other means than suspension of deportation. It is concluded that the respondent, if deported from the United States, would suffer extreme hardship.

The principal issue concerning eligibility for discretionary relief is whether the respondent satisfies the statutory requirement that he must have been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of his application. The respondent's application was submitted August 19, 1964 and he made approximately five visits to Vancouver, B.C., Canada, to visit his wife and family from 1959 to January 1961. Apparently, he has not been absent from the United States since January 1961. Each of these visits was for a period of short duration. Upon his return he presented his United States Citizen Identification Card which he obtained as the result of an application made June 25, 1954 at Seattle, Washington.

Counsel relies upon the decision in *Git Foo Wong v. Immigration and Naturalization Service*, 358 F. 2d 151 (9th Cir., 1966), as controlling in the instant case. The special inquiry officer attempts to distinguish the holding in *Git Foo Wong* upon the facts. Git Foo Wong was a Chinese alien who entered the United States illegally in 1951 at about the age of 15 years, falsely claiming to be the son of a United States citizen. Since that time, he continuously resided in the United States except that in November 1961 he drove to Mexico for a sightseeing trip, remaining there about two hours, and was then readmitted to this country as a United States citizen. Deportability was conceded under section 241(a)(1) of the Act of 1952—excludable at entry under section 212(a)(20)—no immigrant visa. (We do not consider the fact that the deportable charge in the instant case is made under section 241(a)(2)—entered without inspection—a distinguishing factor inasmuch as the circumstances of the reentry in the two cases are identical.)

The court, relying upon *Rosenberg v. Fleuti*, 374 U.S. 449 and *Wadman v. Immigration and Naturalization Service*, 329 F. 2d 812 (9th Cir., 1964), held that petitioner's visit of about two hours to Mexico should not be regarded as meaningfully interruptive of his continuous presence in the United States for about ten years and adhered to the

273

court's previous holding in *Wadman* that petitioner's brief visit to Mexico did not bar him from consideration for suspension of deportation as a matter of law. The court quoted from *Wadman* that the term "continuous" is no more subject to a hard and fast construction than is the term "intended"; and that the significance of an absence from the United States during that period must be determined under the standard set down in *Fleuti*. The court in *Git Foo Wong* refused to accept the attempt to distinguish the holding in *Fleuti* from *Wadman* in that the original entry of Fleuti was a legal one, whereas in the *Git Foo Wong* case, the peitioner's original entry was illegal. The court held that the statute, section 244 (a) and (b) of the Immigration and Nationality Act, permitting discretionary relief from deportation, was intended to enable the Attorney General to ameliorate hardship and injustice, and the statute should not be strictly and technically construed so as to frustrate its humanitarian purpose.

We consider that the decision in *Git Foo Wong* v. *Immigration and Naturalization Service* is on all fours with the instant case and that the respondent has established continuous physical presence for approximately 14 years. He is, therefore, statutorily eligible for suspension of deportation. The distinctions drawn by the special inquiry officer do not strike us as valid. An order granting suspension of deportation will be entered.

ORDER: It is ordered that the order of the special inquiry officer dated December 5, 1966 be withdrawn.

*It is further ordered* that the deportation of the respondent be suspended under the provisions of section 244 (a) (1) of the Immigration and Nationality Act, as amended.

*It is further ordered* that if Congress takes no action adverse to the order granting suspension of deportation, the proceedings be cancelled, and that appropriate action be taken pursuant to section 244 (e) of the Immigration and Nationality Act, as amended.

*It is further ordered* that in the event Congress takes action adverse to the order granting suspension of deportation these proceedings shall be reopened upon notice to the respondent.

### BEFORE THE BOARD

The case comes forward on motion of the Service dated June 8, 1967 requesting that we clarify the scope of our order entered May 10, 1967.

The case relates to a native and citizen of China, 36 years old, male, married, who entered the United States at Seattle, Washington on May 6, 1952 by falsely claiming to be a United States citizen. His Chinese resident citizen wife resides in Canada and between 1959 and January 1961 he has visited Canada at least five or six times. On each

return from Canada he falsely claimed United States citizenship and presented a false United States citizen identity certificate. Deportability was established.

The respondent applied for suspension of deportation under the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended by the Act of October 24, 1962 (P.L. 87-855). The special inquiry officer, in his order dated December 5, 1966, had found the respondent otherwise eligible for suspension of deportation except that the respondent did not have the necessary continuous physical presence because on the occasion of each return from Canada he entered upon a false claim of United States citizenship. Upon this basis, the special inquiry officer distinguished the case of *Git Foo Wong* v. *Immigration and Naturalization Service*, 358 F.2d 151 (9th Cir. 1966).

In our order of May 10, 1967 we declined to accept the distinction drawn by the special inquiry officer and held that the decision in the *Git Foo Wong* v. *Immigration and Naturalization Service, supra,* and its underlying decisions, *Wadman* v. *Immigration and Naturalization Service,* 329 F.2d 812 (9th Cir. 1964), and *Rosenberg* v. *Fleuti,* 374 U.S. 449 were controlling; that the respondent had established continuous physical presence for more than seven years in the United States, was statutorily eligible for suspension of deportation and entered an order granting suspension of deportation pursuant to section 244(a)(1) of the Immigration and Nationality Act, as amended.

The present motion notes that we did not make mention of *Matter of P—,* 5 I. & N. Dec. 220, *Matter of Wong,* 10 I. & N. Dec. 513, and *Matter of Jacobson,* 10 I. & N. Dec. 782.[1] *Matter of P—* was overruled in the case of *Savoretti* v. *United States ex rel. Pincus,* 214 F.2d 314 (5th Cir. 1954), the court holding that the alien did not make an entry because his arrival in a foreign country was unintentional, involuntary or wholly fortuitous. *Matter of Wong* and *Matter of Jacobson* were distinguished from *Rosenberg* v. *Fleuti,* 374 U.S. 449, because the aliens therein had never been lawfully admitted to the United States for permanent residence and were therefore ineligible for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act.

As we pointed out in our order of May 10, 1967, the court in *Git Foo Wong* refused to accept the attempted distinction that the original entry of *Fleuti* was a legal one whereas in the *Git Foo Wong* and the *Wadman* cases the original entry was illegal. The court held that the statute should not be strictly and technically construed so as to frus-

---

[1] *Matter of P—* arose in the Fifth Circuit; *Matter of Wong* in the Ninth Circuit and *Matter of Jacobson* in the Fifth Circuit.

trate its humanitarian purpose of ameliorating hardship and injustice so as to permit discretionary relief from deportation.

The motion points out that the instant case arises in the Ninth Circuit and its holding may possibly be interpreted as being confined to that circuit. We did not confine the holding in this case to the Ninth Circuit and no limitation was set forth in the decision. It has been our practice where we intend to circumscribe a holding to a particular circuit, to so indicate. In the present case, after due and deliberate consideration, we came to the conclusion that there was no longer any necessity to limit the scope of the *Wadman* and *Git Foo Wong* decisions. We intended our decision to be binding in all jurisdictions and to stand as a precedent upon the issue of continuous physical presence as required in section 244(a) of the Immigration and Nationality Act.

**ORDER:** It is ordered that the motion be and the same is hereby denied.