MATTER OF DEL ROSARIO

In Exclusion Proceedings

A-17961978

*Decided by Board June 27, 1969*

An alien admitted as a nonimmigrant visitor who upon return to the United States following an absence of one day in Mexico seeks to enter for permanent residence without an immigrant visa, is not within the ambit of *Rosenberg v. Fleuti,* 374 U.S. 449, and is excludable under section 212(a)(20) of the Immigration and Nationality Act.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—
                    Immigrant not in possession of a valid immi-
                    grant visa or other entry document.

ON BEHALF OF APPELLANT:                     ON BEHALF OF SERVICE:
  Joseph S. Hertogs, Esquire                  Irving A. Appleman
  580 Washington Street                       Appellate Trial Attorney
  San Francisco, California 94111             Stephen M. Suffin
  (Brief filed)                               Trial Attorney
                                              (Brief filed)

The case comes forward on motion of counsel requesting reconsideration of our order dated September 20, 1968 dismissing the appeal from the decision of the special inquiry officer dated July 25, 1968.

The record relates to a native and citizen of the Philippine Republic, 25 years old, female, married, who applied for admission to the United States at San Ysidro, California on July 13, 1968 after an absence of one day in Mexico. The applicant was a landed immigrant in Canada and was admitted to the United States on June 1, 1967 as a visitor for a period of 15 days upon presentation of her visitor's visa. On June 20, 1967 she applied for a third preference under the quota of the Philippines which was approved. The applicant filed her application to change her status to that of a lawful permanent resident under section 245

324

of the Immigration and Nationality Act.[1] The applicant married a citizen of the United States on September 23, 1967. On July 12, 1968 she and her husband went for a one day trip to Mexico and it was on her return that she was held for a hearing before a special inquiry officer. The applicant's inspection was deferred and she was ordered to report for a hearing on July 25, 1968 to determine her admissibility to the United States under the Immigration and Nationality Act. The special inquiry officer, at the hearing, found that the applicant was applying for admission to the United States as a permanent resident although not in possession of an immigrant visa or other entry document, found her excludable under section 212(a)(20) of the Act as an immigrant not in possession of an immigrant visa. The appeal to this Board was dismissed on September 20, 1968.

The applicant argues that when she attempted to return to the United States after her overnight visit to Mexico, she was not seeking to make "an entry" and could not be excluded. The cases of *Rosenberg v. Fleuti*, 374 U.S. 449 (1963), *Wadman v. INS*, 329 F.2d 812 (9 Cir., 1964), and *Wong v. INS*, 358 F.2d 151 (9 Cir., 1966), are cited in support of the argument.

The *Fleuti* case was concerned with whether a permanent resident, whose original entry was in all respects lawful, and who, had he never stepped out of the United States, would not be subject to deportation on the charges in the order to show cause, rendered himself excludable, and hence deportable, by an absence of a couple of hours and subsequent return to the United States. The pertinent portion of section 101(a)(13) in the *Fleuti* case by its very terms relates only to an alien having a lawful permanent residence in the United States. The Supreme Court held that an innocent, casual and brief excursion by a resident alien outside this country's borders may not have been "intended" as a departure disruptive of his resident alien status, and therefore may not have subjected him to consequences of an "entry" into the country on his return.

In the *Wadman* case, the Ninth Circuit Court had before it not the question of an "entry," but whether a five day visit to Mexico

---

[1] On February 20, 1969 the District Director, San Francisco District, denied the application for adjustment of status under section 245 on the ground that the application did not merit the favorable exercise of the Attorney General's discretionary authority due to the fact that the applicant had entered the United States on June 1, 1967 as a visitor with a preconceived intention of circumventing the normal procedure of obtaining an immigrant visa and remaining permanently in the United States.

broke the continuous period of physical presence in the United States required to establish eligibility for suspension of deportation. Although the court in *Wadman* made repeated references to the *Fleuti* decision, the legal question to be resolved was not the same. The question in the *Wadman* case was whether there was a sufficient continuity of physical presence in the United States to satisfy the requirements for suspension of deportation under section 244(a)(1) of the Act. Likewise, in the *Wong* case, there was no question that the alien had entered the United States illegally. The court, which cited both *Fleuti* and *Wadman*, decided there was no question of sufficiency of physical presence and that the only question was whether there was a sufficient continuity so as to render the alien eligible for suspension of deporation.[z]

It is concluded that the *Fleuti* case is inapplicable because the applicant was never admitted to the United States for permanent residence, and that the *Wadman* and *Wong* cases are likewise inapplicable because they merely dealth with continuity of physical presence so as to qualify for suspension of deportation. We pointed out in our prior order of September 20, 1968, that the applicant, as an immediate relative (wife) of a United States citizen, should have little difficulty in having her immigrant status adjusted in the event she returns to Canada where she was a landed immigrant. The motion will be denied.

**ORDER:** It is ordered that the motion to reconsider be and the same is hereby denied.

---

[z] See also *Matter of Legaspi*, 11 I. & N. Dec. 819, regarding an alien who entered as a nonimmigrant, who was not maintaining his nonimmigrant status, and who, following a brief visit to Mexico, reentered the United States without inspection, and was held to have made an entry under section 101(a)(13) of the Immigration and Nationality Act upon which to predicate a ground of deportability.