MATTER OF MUNDELL

In Deportation Proceedings

A-4335615
A-4335617

*Decided by Board August 9, 1983*

Aliens never admitted for lawful permanent resident status effect an "entry," as defined in section 101(a)(13) of the Act, 8 U.S.C. 1101(a)(13), for purposes of deportability as excludable at entry under section 212(a)(20), 8 U.S.C. 1182(a)(20), despite brief and casual nature of their departure from the United States. *Matter of Legaspi*, 11 I&N Dec. 819 (BIA 1966), reaffirmed. Accord, *Matter of Del Rosario*, 13 I&N Dec. 324 (BIA 1969); *Matter of Dabiran*, 13 I&N Dec. 587 (BIA 1970).

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF RESPONDENT:
Nancy-Jo Merritt, Esquire
1500 United Bank Tower
Phoenix, Arizona 85012-2584

ON BEHALF OF SERVICE:
Robert Brown
Chief Legal Officer

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The respondents appeal from the July 14, 1982 decision of the immigration judge finding them deportable under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1) for being excludable at their last entry into the United States on August 11, 1981 as immigrants without a valid visa. *See* section 212(a)(20), 8 U.S.C. 1182(a)(20). The appeal will be dismissed.

The facts in this case are not at issue. The elder respondent is a native of Great Britain and citizen of Canada who was admitted into the United States as a nonimmigrant intra-company transferee in 1976 and remained in such status until 1979 when he left his employer and began his own manufacturing business in Phoenix, Arizona. He is now self-employed as a consultant. The other respondent is his son, a native and citizen of Canada, whose nonimmigrant status was entirely dependent upon his father's. The Orders to Show Cause (Form I-221) (Exs. 1, 2) charged that they had made an entry into the United States on August 11, 1981, at Kahului, Hawaii after a trip in their boat. They began their trip at

Newport Beach, California and made a brief stop at Ensenada, Mexico for refueling and minor repairs. After stopping at Ensenada, Mexico, they traveled to Kahului, Hawaii where they arrived on or about August 10, 1981, and were inspected by customs officials. The adult male respondent advised the officials that they were Canadian citizens and as such the boat was considered to be Canadian by these officials. The respondents remained in Hawaii for about 5 weeks after which they flew from Hawaii to Los Angeles and from Los Angeles to Phoenix, Arizona. Since they were departing from Hawaii, they did not go through the usual Service inspection on their arrival at the mainland. The Service charged that they were not in status as nonimmigrants then and therefore, were excludable when they made an "entry" for lack of a valid immigrant visa. *See Matter of Niayesh*, 17 I&N Dec. 231 (BIA 1980).

The issue in this case is whether the respondents made an "entry" into the United States when they were inspected in Hawaii after having briefly stopped at Ensenada, Mexico. Section 101 (a)(13) of the Act, 8 U.S.C. 1101(a)(13) has a definition of the term "entry" which states:

> The term "entry" means any coming of an alien into the United States, from a foreign port or place or from an outlying possession, whether voluntarily or otherwise, except that an alien having a lawful permanent residence in the United States shall not be regarded as making an entry into the United States for the purposes of the immigration laws if the alien proves to the satisfaction of the Attorney General that his departure to a foreign port or place or to an outlying possession was not intended or reasonably to be expected by him or his presence in a foreign port or place or in an outlying possession was not voluntary: Provided, That no person whose departure from the United States was occasioned by deportation proceedings, extradition, or other legal process shall be held to be entitled to such exception.

. In *Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963), the Supreme Court held that a lawful permanent resident alien who made a visit of a few hours to Mexico did not upon his return make an "entry" which would subject him to deportation. The Court interpreted the language in section 101(a)(13) requiring that the departure to a foreign port be "intended" and found that such intention would not inhere in a trip to a foreign country by a resident alien which was "innocent, casual, and brief." Subsequently, an innocent, brief, and casual absence from the United States by a lawful permanent resident has not resulted in an "entry" for deportation purposes. *Matter of Cardenas-Pinedo*, 10 I&N Dec. 341 (BIA 1963); *Matter of Yoo*, 10 I&N Dec. 376 (BIA 1963); *Matter of Quintanilla-Quintanilla*, 11 I&N Dec. 432 (BIA 1965).[1]

---

[1] Examples of brief absences which have been found not to be innocent and casual and therefore resulted in an "entry" by the resident alien include those absences intended to engage in illegal activities, face criminal charges, visit proscribed countries, while deportation proceedings were pending, while a final order of deportation was outstanding, or in order to illegally smuggle aliens in his return. *See Matter of Scherbank*, 10 I&N Dec. 522

In *Matter of Wong*, 10 I&N Dec. 513 (BIA 1964), we rejected an alien's claim that the *Fleuti* doctrine prevented his having interrupted the 7 years continuous physical presence in the United States required for suspension of deportation because *Wong* had never been admitted for lawful permanent residence [2] In *Matter of Legaspi*, 11 I&N Dec. 819 (BIA 1966), we squarely addressed the issue of deportability based on similar excludability at "entry," by an alien who had never been admitted as a lawful permanent resident. We concluded that the *Fleuti* doctrine only protected aliens lawfully admitted for permanent residence from having an innocent, casual, and brief absence abroad considered an "entry" for purposes of deportability. *Matter of Legaspi, supra*, is squarely in point with the facts on this case.

The respondents rely on our subsequent decision in *Matter of Wong*, 12 I&N Dec. 271 (BIA 1967), where we superseded our 1964 holding in the similarly named *Matter of Wong, supra*. We found that an alien who had never been admitted as a lawful permanent resident had not meaningfully interrupted his physical presence here for purposes of suspension of deportation. He had entered the United States five or six times after brief visits to Canada, avoiding inspection by falsely claiming to be a United States citizen. We then adopted the holding of the Ninth Circuit Court of Appeals in *Wadman v. INS*, 329 F.2d 812 (9 Cir. 1964); and *Git Foo Wong v. INS*, 358 F.2d 151 (9 Cir. 1966) which applied the *Fleuti* test in suspension of deportation cases for determining whether continuous physical presence here had been interrupted. The respondents contend that therefore the *Fleuti* doctrine should be deemed to protect an alien never admitted as a resident from deportability based on a brief absence from the United States.

However, in *Matter of Del Rosario*, 13 I&N Dec. 324 (BIA 1969) and *Matter of Dabiran*, 13 I&N Dec. 587 (BIA 1970) we specifically declined to apply the *Fleuti* doctrine to aliens never admitted as lawful permanent residents, in finding them excludable under section 212(a)(20) for lack of a valid immigrant visa after brief visits to Mexico. *Matter of Del Rosario, supra*, arose in California which like the present case, is within the jurisdiction of the United States Court of Appeals for the Ninth Circuit. We specifically declined to extend the *Fleuti* rationale outside the suspension of deportation area for aliens never admitted as lawful permanent residents. We limited the meaningful departure test applied in *Matter of Wong, supra; Wadman v. INS, supra*, and *Git Foo Wong v. INS, supra*, to determinations of whether a sojourn abroad meaning-

---

(BIA 1964); *Matter of Acosta*, 14 I&N Dec. 666 (BIA 1974); *Matter of Caudillo-Villalobos*, 11 I&N Dec. 15 (BIA 1965), *aff'd Caudillo-Villalobos v. INS*, 361 F.2d 329 (5 Cir. 1966); *Matter of Becerra-Miranda*, 12 I&N Dec. 358 (BIA 1967); *Matter of Palma*, 14 I&N Dec. 486 (BIA 1973); *Martin-Mendoza v. INS*, 499 F.2d 918 (9 Cir. 1974).

[2] *See* section 244(a)(1) of the Act, 8 U.S.C. 1254(a)(1).

fully interrupted the continuous physical presence required for suspension of deportation. In fact, all three cases had affirmed findings of deportability based on the same "entry" which was also held not to interrupt continuous physical presence for suspension relief.

The respondents in this case would have been in the same legal position as those applicants in *Matter of Del Rosario, supra,* and *Matter of Dahiran, supra,* had they been placed in exclusion proceedings as soon as they arrived in Hawaii. The fact that their stop in Ensenada, Mexico was brief and casual did not prevent their making an "entry" after being inspected in Hawaii, because they had never been admitted as lawful permanent residents. *Matter of Del Rosario, supra.* Moreover, the immigration judge properly found them excludable at entry under section 212(a)(20) for lack of a valid immigrant visa, since they intended to reside in the United States permanently. Consequently, we reaffirm our holding in *Matter of Legaspi, supra,* that an alien who has never been admitted as a lawful permanent resident is not protected by the *Fleuti* doctrine from deportability under section 241(a)(1) for being excludable at entry after a brief sojourn abroad. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order and in accordance with our decision is *Matter of Chouliaris,* 16 I&N Dec. 168 (BIA 1977), the respondents are permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.