## MATTER OF DILLA

### In Deportation Proceedings

### A-21290714

*Decided by Board April 17, 1984*

The Supreme Court of the United States has recently held that the 7 years' continuous physical presence requirement of section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1) (1982), was meant by Congress to be administered as written; accordingly, in an application for suspension of deportation, an alien must establish, inter alia, that he has been physically present in the United States without interruption for a period of 7 years before he is statutorily eligible for that relief. *Matter of Herrera*, 18 I&N Dec. 4 (BIA 1981); and *Matter of Wong*, 12 I&N Dec. 271 (BIA 1967), overruled.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Ladd A. Baumann, Esquire
Baumann and Hull
P.O. Box 20520, GMSD
Guam, M.I. 96921

ON BEHALF OF SERVICE:
Joanna London
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated September 30, 1981, an immigration judge found the respondent deportable as charged, denied his application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1) (1982), and granted him the privilege of voluntary departure. The respondent has appealed. The appeal will be dismissed.

The respondent, a 46-year-old native and citizen of the Philippines, first entered the United States on November 12, 1965, classified as a nonimmigrant temporary worker pursuant to section 101(a)(15)(H)(ii) of the Act, 8 U.S.C. § 1101(a)(15)(H)(ii) (1982). He was last admitted in that status at Agana, Guam, on March 8, 1980, and was authorized to remain until August 15, 1980. He failed to depart. On September 4, 1980, the Immigration and Natu-

ralization Service granted the respondent the privilege of departing the United States voluntarily prior to September 27, 1980, in lieu of deportation proceedings. After he again failed to depart, the Service commenced this action. At his deportation hearing, the respondent admitted the allegations in the Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) and conceded deportability as an overstayed nonimmigrant under section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (1982). We find that deportability has been established by evidence which is clear, unequivocal, and convincing, as required by *Woodby v. INS*, 385 U.S. 276 (1966). The only issue on appeal is whether the respondent's application for suspension of deportation was properly denied.

In order to qualify for suspension of deportation, the alien must establish that he meets the statutory requirements of section 244(a)(1) of the Act and that he merits the favorable exercise of discretion. *See generally Matter of Turcotte*, 12 I&N Dec. 206 (BIA 1967). The alien must show that he has been physically present in the United States for a continuous period of at least 7 years, that he has been a person of good moral character for all that time, and that his deportation would result in extreme hardship to himself or to his United States citizen or permanent resident spouse, children, or parents. In his decision, the immigration judge found that the respondent had satisfied the good moral character requirement but had failed to meet the continuous physical presence and extreme hardship requirements. He concluded, therefore, that the respondent was statutorily ineligible for suspension relief. For the reasons stated below, we affirm.

Since 1965, the respondent's continuous physical presence in the United States has been interrupted on five occasions coinciding with the expiration of his temporary worker permits. On each of these occasions the respondent returned to his wife and family in the Philippines for a period ranging from 8 to 12 weeks. During these periods he sought and obtained new work contracts and renewal of his temporary worker visas. The record discloses that he has worked for at least six different employers in Guam.

The respondent argues that his five return trips to the Philippines did not meaningfully interrupt the required 7 years of continuous physical presence for suspension purposes. We cannot agree.

Following passage of the Act in 1952, the Board initially adopted a strict interpretation of the 7 years' continuous physical presence requirement in suspension cases. The United States Court of Appeals for the Ninth Circuit, however, found greater flexibility in this provision and adopted the position that a departure must be "meaningfully interruptive" in order to break the continuity re-

quirement. *See Git Foo Wong* v. *INS*, 358 F.2d 151 (9th Cir. 1966); *Wadman* v. *INS*, 329 F.2d 812 (9th Cir. 1964). Following the publication of *Wadman* and *Git Foo Wong*, the Board, in *Matter of Wong*, 12 I&N Dec. 271 (BIA 1967), overturned its long-standing strict construction of the continuity requirement and adopted the Ninth Circuit's interpretation nationwide. *See Matter of Jacobson*, 10 I&N Dec. 782 (BIA 1964); *Matter of Wong*, 10 I&N Dec. 513 (BIA 1964).[1]

The construction of the continuity requirement, however, is now controlled by the Supreme Court's recent decision in *INS* v. *Phinpathya*, 464 U.S. 183 (1984), which rejected the interpretation imposed on "continuous physical presence" by the Ninth Circuit in *Wadman* and its progeny. The Supreme Court noted in *Phinpathya* that the ordinary meaning of the words "continuous physical presence" did not readily admit any exceptions. It declared that the deliberate omission by Congress of any moderating provision in section 244(a)(1) "compel[led] the conclusion that Congress meant this 'continuous physical presence' requirement to be administered as written." *Id.* at 190. The Court held: "Congress meant what it said: otherwise deportable aliens must show that they have been physically present in the United States for a continuous period of seven years before they are eligible for suspension of deportation." *Id.* at 196. Therefore, we withdraw from our decisions in *Matter of Herrera*, *supra*, and *Matter of Wong*, *supra*, and all subsequent Board decisions, to the extent they are inconsistent with *Phinpathya*, and find that the respondent's departures to the Philippines interrupted the continuity of his physical presence in this country. As he has failed to satisfy this statutory requirement, he is ineligible for suspension of deportation, and, therefore, we need not reach the issue of extreme hardship.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

---

[1] The Ninth Circuit further expanded its ameliorative interpretation of the continuity requirement in *Kamheangpatiyooth* v. *INS*, 597 F.2d 1253 (9th Cir. 1979), a case upon which the respondent places much reliance. In *Matter of Herrera*, 18 I&N Dec. 4 (BIA 1981), we limited the applicability of *Kamheangpatiyooth* to cases arising in the Ninth Circuit.