MATTER OF LIAO

In Deportation Proceedings

A-11828875

*Decided by Board March 26, 1965*

(1) Respondent, a 39-year-old unmarried native of China, with advanced training as a pilot, with skill as a contact lens technician, with the education, including a college degree, acquired during residence in the United States since his entry in 1954, and with no relatives here who would be adversely affected by his departure, has not established that his deportation to Formosa would, within the meaning of section 244(a)(1), Immigration and Nationality Act, as amended, result in "extreme hardship" because he refused to return to that country after completing the program of military training for which he entered the United States and expressed political views which are not looked upon with favor by the Nationalist Government of China on Formosa.

(2) In adjudicating an application for withholding of deportation pursuant to section 243(h) of the Act, a special inquiry officer may consider factors other than those directly related to the alien's claim of physical persecution and may deny such application as a matter of administrative discretion without first making a formal finding of the alien's statutory eligibility therefor.

(3) The possibility that respondent, if deported to Formosa, may be prosecuted by a military court martial for offenses committed while a member of the military forces of that country does not constitute "physical persecution" within the contemplation of section 243(h) of the Act. [*Wang v. Pilliod*, 285 F.2d 517 (C.A. 7, 1960)]

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant, failed to maintain nonimmigrant status, or to comply with the conditions thereof.

The respondent, a native of the Mainland of China, a citizen of the Republic of China on Formosa appeals from an order entered by the special inquiry officer on October 30, 1964 directing his deportation to the Republic of China on Formosa on the charge that after entry as a nonimmigrant alien he has failed to maintain his nonimmigrant status or to comply with the conditions thereof. Applications for

relief under sections 244(a)(1) and 243(h) of the Immigration and Nationality Act were denied. Exceptions have been taken to the denial of discretionary relief which would permit the respondent's continued residence in the United States.

The respondent, 39 years of age, unmarried, last entered the United States through the port of Agana, Guam, on October 11, 1954. He was admitted as a non-immigrant government employee of a foreign government, to wit, a captain in the Chinese Nationalist Air Force coming to the United States for advanced military training (section 101(a)(15), Immigration and Nationality Act; 8 U.S.C. 1101(a)(15)). The respondent testified that he resigned his commission in the Chinese Air Force on February 14, 1955, shortly before the scheduled return of his military unit to Formosa. He has remained in the United States without authority. The respondent concedes deportability. He alleges that he is politically opposed to the organization and methods of the Nationalist government in China. He also alleges that he would be physically persecuted if returned to Formosa.

The respondent's application for withholding deportation under section 243(h) of the Immigration and Nationality Act was denied in an order entered by the Acting Regional Commissioner for the Southwest Region on August 4, 1959. The respondent sought review of the Acting Regional Commissioner's denial in the United States District Court for the District of Columbia. The District Court granted the government's motion for summary judgment and the respondent appealed to the Court of Appeals for the District of Columbia. The Court of Appeals on September 10, 1962, following the amendment of 8 CFR 242 and 243, remanded the case to the District Court with instructions to vacate its judgment and remand the proceedings to the Immigration Service for a reopening to afford the respondent an opportunity to seek relief under section 243(h) according to the procedure established by the amended regulations. This Board on motion of the District Director at San Francisco ordered the hearing reopened to afford the respondent an opportunity to seek relief under section 243(h) pursuant to the procedure established by the amended regulations and for consideration of such other applications for discretionary relief that may be filed. Our order of December 19, 1962 also provided that the outstanding order of deportation be withdrawn if discretionary relief other than under section 243(h) be granted.

The respondent was granted hearing de novo on February 20, 1963, January 22, 1964, and May 18, 1964. During the course of the

hearings the respondent applied for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act as amended by the Act of October 24, 1962, and in the event that his deportation be not suspended, he applied for a temporary withholding of deportation under section 243(h) of the Immigration and Nationality Act (8 U.S.C. 1254(a)(1) and 1253(h)).

The respondent seeks a suspension of his deportation on the ground that his expulsion from the United States will cause him extreme hardship. He testified that if he is forced to leave the United States he would be unable to adjust to a new environment and would be unable to obtain employment as a contact lens technician, a position for which he has been trained. The respondent also testified that his criticism of the Chiang Kai Shek regime on Formosa has been reported by his superior officer to the foreign office and that there is no question but that he would be sentenced to death if returned to Formosa. His fear of physical persecution because of his criticism of the Chiang Kai Shek regime and his resignation from the Chinese Air Force is the basis for his application for withholding deportation under section 243(h) of the Immigration and Nationality Act.

The special inquiry officer in the exercise of his discretion denied the respondent's applications for suspension of deportation and for withholding deportation. The special inquiry officer reasoned that it would not only be incongruous but would be an abuse of the discretion delegated to him by the Attorney General to permit the respondent's continued residence in the United States in view of the demand by the Nationalist Chinese Government that he be returned to Formosa. The special inquiry officer is of the opinion that since the respondent entered the United States as a member of the Armed Forces of one of our allies, pursuant to a mutual defense effort, solely to receive training for the purpose of strengthening that ally and the defenses of the United States he should not be granted relief which would defeat that purpose.

Counsel for the respondent maintains that the special inquiry officer committed error in predicating his denial of relief on the conclusion that the respondent does not merit discretionary relief because he deserted the Chinese Air Force. He argues that regardless of whether the respondent "resigned" or "deserted" the important factor bearing upon the proper exercise of discretion, is that the respondent's actions were justified in the light of his criticism of the present regime governing Nationalist China. Counsel maintains that the respondent is faced with the probability of death if re-

turned to Formosa. Counsel argues that the proper exercise of discretion vested in the special inquiry officer under section 244 of the Immigration and Nationality Act calls for an assessment of the alien's worth rather than a matter of foreign relations between the United States and Nationalist China.

There was no finding by the special inquiry officer as to whether the respondent is statutorily eligible for relief under section 244 (a) (1) of the Immigration and Nationality Act (8 U.S.C. 1254 (a) (1)). The respondent is deportable under a provision of section 241(a) other than one mentioned in paragraph 2 of subsection 244(a). He has been physically present in the United States for a continuous period since October of 1954. We do not believe that his refusal to return to Formosa under the circumstances which prevail here can be said to reflect upon his moral character.

The question presented insofar as statutory eligibility for suspension of deportation is concerned is whether the respondent can support a claim of "extreme hardship" by relying upon factors which are concerned with his conduct as an officer in the Chinese Air Force and the fact that he expressed political views which are not looked upon with favor by the Nationalist Government of China. We are of the opinion that the political aspect of this case has no relation to a determination of "extreme hardship" under section 244 (a) (1).

The respondent has a degree from the City College of San Francisco. He now attends the evening division of the University of San Francisco. He is gainfully employed as a contact lens technician. He testified that if he were deported to an area other than Formosa he would have language difficulties which would in all probability limit his opportunity for gainful employment. He also testified that he would be forced to abandon attending school in the evening. He has no relatives in the United States. A brother resides on Formosa. The respondent concedes that there would be a need in almost every country for one in his profession of preparing contact lenses (pp. 11-14).

The personal privation contemplated in a situation characterized by "extreme hardship" within the meaning of the statute is not a definable term of fixed and inflexible content or meaning. It necessarily depends upon the facts and circumstances peculiar to each case. We are concerned with an alien who was permitted to enter the United States in 1954 for military training as a member of the Armed Forces of a Nation allied with the United States. His ad-

mission for this purpose contemplated his departure from the United States upon the completion of the training program.

It is our opinion that the evidence concerned with respondent's economic well being does not support a claim that his return to Formosa would result in extreme hardship to him within the meaning of the statute. The respondent with his advanced training as a pilot; with his skill as a contact lens technician and with the education he has acquired during his 10 years residence, is in a better competitive position for employment than when he entered the United States in 1954. The respondent has no relatives in the United States who would be adversely affected by his departure. There are no substantial equities in the respondent's case other than those arising from the fact that he refused to return to the country of his nationality after completing the program of military training for which he entered the United States. This factor alone is insufficient to support a finding of "extreme hardship" within the meaning of section 244(a)(1). We find the respondent statutorily ineligible for suspension of deportation.

The respondent, in the alternative, applied for a temporary withholding of his deportation pursuant to the provisions of section 243(h) of the Immigration and Nationality Act. He maintains that he will be subjected to physical persecution if deported to Formosa. The evidence on this issue consists of the respondent's testimony, magazine articles concerning political conditions in Formosa and the testimony of Doctor Ku Cheung Wu, a former private secretary to Generalissimo Chiang Kai Shek and last a Governor of Formosa from 1949 to 1953. The consensus of the magazine articles and the testimony of Mr. Wu is that the Nationalist Government on Formosa is a dictatorial police state; that secret police arrest people on trumped-up charges and that justice both civil and military is a farce. It is alleged that the respondent would be treated as a political opponent of Chiang Kai Shek and that he would be persecuted for his criticism of the Nationalist Government.

The special inquiry officer is of the opinion that the record of this case and the records created in the cases of *Matters of Cheng Fu Sheng and Lin Fu Mei*,[1] contained considerable evidence which supports respondent's claim that he would be subjected to physical persecution if returned to Formosa (Ex. 6). The special inquiry officer also stated that the government "offered nothing substantial in re-

---

[1] It was stipulated that all evidence on the issue of physical persecution in the three cases covered by files A-10491862, A-11828875 and A-8922627 would be considered by the special inquiry officer in arriving at his decision.

futation" of the evidence submitted by the respondent (p. 7, special inquiry officer's opinion). The special inquiry officer denied withholding of deportation as a matter of administrative discretion without a formal finding on the issue of whether the respondent would be subjected to "physical persecution."

Counsel for the respondent takes the position that an application for relief under section 243(h) cannot be denied as a matter of administrative discretion without a formal finding of statutory eligibility. He maintains that the applicant (respondent) has satisfied the burden of establishing that he would be subjected to physical persecution if returned to the country to which he has been ordered deported. It is argued that neither the statute nor the pertinent regulations suggest that any factor other than those concerned with physical persecution may be considered in arriving at a decision on an application under section 243(h).

We find nothing in the statute or the regulations that limits the special inquiry officer in the exercise of his discretion. Section 23 of the Internal Security Act of 1950,[2] the predecessor of section 243(h) required a finding by the Attorney General that the alien would or would not be subjected to "physical persecution" if such a claim is made *U.S. ex rel. Ching Ping Zee et al* v. *Shaughnessy*, 107 F. Supp. 607 (U.S.D.C., S.D.N.Y., 1952). According to a decision by the United States District Court for the Northern District of California, the withholding of deportation under section 23 (*supra*) was mandatory after a finding that the alien "would be subjected to physical persecution" *Sang Ryup Park* v. *Barber*, 107 F. Supp. 605 (August 19, 1952).

Congress, in enacting section 243(h) of the Immigration and Nationality Act, drastically changed the language of section 23 of the Internal Security Act of 1950. Section 243(h) reads:·

The Attorney General is *authorized* to withhold deportation of any alien within the United States to any country in which *in his opinion* the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason. (Emphasis supplied.)

The permissive word "authorized" has a far different meaning than the mandatory word "shall" used in section 23 (*supra*, footnote 2). The Attorney General under section 243(h) "is *authorized* to

[2] Section 23, Internal Security Act of 1950, reads as follows:
"No alien shall be deported under any provisions of this Act to any country in which the Attorney General shall find that such alien would be subjected to physical persecution."

withhold deportation of any alien within the United States (when) *in his opinion the alien would be subjected to physical persecution"* (Emphasis supplied.). This permissive language means that the Attorney General or his delegate may consider factors other than those directly related to an alien's claim of physical persecution in forming his opinion as to whether discretion would be exercised either in favor of, or contrary to, the alien's request for relief. The Attorney General is not required, as was the case under section 23 of the Internal Security Act (*supra*), to make a formal finding with regard to whether the alien will or will not be physically persecuted. We find no error on the part of the special inquiry officer in reaching a conclusion in this case that a withholding of the respondent's deportation is not warranted without first making a formal finding as to the respondent's statutory eligibility for such relief (Cf. *Silvia v. Carter*, 326 F.2d 315 (C.A. 9, 1963), cert. den. 377 U.S. 917).

We do not believe, after a careful review of this record, that the respondent will be subjected to "physical persecution" within the meaning of section 243(h) if he returns to Formosa. There is a possibility that he may be prosecuted by a military court martial. It is alleged that if convicted he will be subject to punishment under article 93 of the Armed Forces Criminal Code for a maximum sentence of not more than three years. It is also alleged that in a similar case a Chinese Army Captain who refused to return with his military unit after completing his training in the United States was deported to Formosa, found guilty by a court martial and sentenced to imprisonment for a term of only six months (see Ex. 17 and 18). A prosecution before a military tribunal convened pursuant to the laws of a foreign state to try offenses committed by a member of the military forces of that country, cannot be construed to be physical persecution within the meaning of section 243(h) of the Immigration and Nationality Act. *Chao-Ling Wang* v. *Pilliod*, 285 F.2d 517, 520 (C.A. 7, 1960).

Under section 243(h) it is not a question of whether substantial evidence supports the exercise of the discretion granted the Attorney General or his delegate. The Attorney General or his delegate has wide latitude and the primary consideration is whether the alien has had a fair opportunity to present his case; whether the Attorney General or his delegate has exercised his discretion and whether there has been an error of law in the proceeding. We find no error as a matter of law that the special inquiry officer's decision rests to some degree on a political consideration, namely, the foreign policy

of the United States. The special inquiry officer exercised his discretion after affording the respondent a fair opportunity to present his case. *Cf, U.S. ex rel. Dolenz* v. *Shaughnessy*, 206 F.2d 392, 394, 395 (C.A. 2, 1953.) The appeal will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.