MATTER OF SALAZAR

In Exclusion Proceedings

A-30326095

*Decided by Board November 9, 1979*

(1) A lawful permanent resident who departed the United States for five months and traveled through various countries and visited relatives, has meaningfully interrupted his permanent residence and can be properly placed in exclusion proceedings.

(2) If, in the course of an exclusion hearing, a possible ground of excludability develops, it is proper for the ground to be ruled upon by the immigration judge, as long as the applicant is informed of the issues confronting him at some point in the hearing, and is given a reasonable opportunity to meet them.

(3) Where the applicant had a colorable claim to lawful permanent resident status at the time he attempted to enter, the Service had the burden of proof to establish that he should be deprived of this status. *Matter of Kane*, 15 I&N Dec. 258 (BIA 1975).

(4) While written notice of revocation of a visa petition to a beneficiary is not necessary under Section 205 of the Immigration and Nationality Act, 8 U.S.C. 1155, there must be proof of actual notice for the requirements of the section to be met.

(5) In a case where there was some evidence that the applicant, a returning lawful permanent resident, knew that a visa petition filed by his wife had been withdrawn, the Service produced a cable to the Commissioner of the Service for relay to the Consulate in Peru. However, there was no proof that the consul notified him of the revocation and a visa was issued by the consul. Held there was insufficient evidence to establish that the applicant had actual notice of the revocation to meet the requirements of Section 205 of the Act, and that he was properly admitted in 1976, and exclusion proceedings were terminated.

EXCLUDABLE:
 Order: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—No valid visa

ON BEHALF OF APPLICANT: David A. Kattan, Esquire
 419 Gravier Street
 New Orleans, Louisiana 70130

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated November 14, 1978, an immigration judge found the applicant excludable as charged and ordered him excluded. The applicant appeals. The appeal will be sustained.

The applicant is a 29-year-old native and citizen of Peru. On May 20, 1975, a visa petition on his behalf was approved by the District

Director. Shortly afterward, his wife withdrew the visa petition, and in a letter dated May 28, 1975, she was given notice of the automatic revocation of the visa petition by the District Director. A cable was sent that same day to the Commissioner of the Service in Washington, D.C., informing him of the revocation so that the United States Consulate in Lima, Peru, could in turn be informed of the revocation. The visa petition shows that the petition was received by the Consulate on May 30, 1975. In the meantime, although the evidence is somewhat unclear, it would appear that the applicant had a conversation with his wife touching on the withdrawal of the visa petition, but not on the revocation of the visa petition. In November 1975, the applicant left the United States for Peru to receive his visa. The visa was issued to him on January 19, 1976. He was admitted as a lawful permanent resident on April 7, 1976, on the basis of that visa. In December 1977, he was divorced from his wife. He left the United States in March 1978. On August 10, 1978, when he attempted to reenter the United States, he was not admitted because the immigration inspector found that he was possibly excludable under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), and he was referred to an immigration judge for an exclusion hearing. The immigration judge found that he was excludable under both section 212(a)(20) and (a)(19) of the Act, the first because he was not in possession of a valid immigrant visa when he attempted to enter in April 1976, and the second because he had willfully misrepresented the fact that he was the beneficiary of an approved visa petition.

Before we consider the points raised by the respondent on appeal, it is necessary to resolve an initial question of the propriety of the exclusion proceedings in this case. The applicant as noted, was admitted as a lawful permanent resident in 1976, and remained in the United States until March 1978, when he traveled to several countries in Central and South America. He remained outside the United States for about 5 months, apparently visiting his family and sightseeing in various places. Given the length of time he remained outside the United States, and his activities during that time, we have concluded that his departure was meaningfully interruptive of his permanent residence. Exclusion proceedings were, therefore, properly instituted against the respondent. *Rosenberg v. Fleuti*, 374 U.S. 449, 462 (1963); but see, *Maldonado-Sandoval v. INS*, 518 F.2d 278 (9 Cir. 1975). We can, therefore, go on to the issues presented by the applicant.

On appeal, the applicant claims that he was found excludable under section 212(a)(19) of the Act although the Notice to Applicant for Admission Detained for Hearing Before Special Inquiry Officer (Form I-122) did not contain this charge. He also asserts that the finding of willful misrepresentation under section 212(a)(19) of the Act was

168

incorrect because he was in fact married when he obtained his visa. Finally, he contends that he received no notice of the revocation of the visa petition pursuant to section 205 of the Act.

We do not agree that it was necessary for the Notice (Form I-122) to contain a charge under section 212(a)(19) of the Act for it to be considered by the immigration judge. If, in the course of an exclusion hearing, a possible ground of excludability develops, it is proper for the ground to be ruled upon by the immigration judge, as long as the applicant is informed of the issues confronting him at some point in the hearing, and he is given a reasonable opportunity to meet them. *See Matter of Healy and Goodchild,* Interim Decision 2716 (BIA 1979). There is no provision in the Act or in 8 C.F.R. setting forth requirements such as those governing an Order to Show Cause in deportation proceedings. This point of appeal has, therefore, not been substantiated.

Before the next two points of appeal are considered, however, it is necessary to discuss the burden of proof imposed in this case, as it directly affects the outcome of the proceedings. In his decision, the immigration judge states that the burden of proof was upon the applicant to establish that he was not subject to exclusion, and that he had failed to carry this burden. Since the applicant had a colorable claim to lawful permanent resident status at the time he attempted to enter, the burden in this case was upon the Service to show that he should be deprived of this status. *Matter of Kane,* 15 I&N Dec. 258 (BIA 1975). Given this burden, it was incumbent upon the Service in the first instance to show that the applicant had received notice of the revocation of the visa petition communicated through the Secretary of State to him as the beneficiary before he commenced his journey to the United States, or that he had actual notice of the revocation through other means, and in the second instance to show that he had misrepresented a material fact.

The evidence in this regard is unclear. The applicant testified that he was never asked any questions about the visa (Tr. p. 29). He also testified that when he left the United States in 1975 to go to Peru, he was separated from his wife, but that she had led him to believe that she would live with him when he returned. He also testified that she had not told him that she had withdrawn the visa petition, when he communicated with her while he was in Peru (Tr. pp. 28-31). In his statement to the Service investigator, dated August 31, 1978, he said that he knew that his wife had withdrawn the visa petition, but that he did not know the date. In addition, he also stated that he was asked no questions by the consul about a possible separation and that he did tell the consul that he was coming to the United States to join his wife, which was his actual intent. He also stated that a Service official told

him on June 4, 1975, that his wife had withdrawn the visa petition, that he did not know that the petition had been withdrawn before he left the United States in November 1975, and that the same Service official who had informed him of the withdrawal of the petition also told him to return to Peru and get the visa (Ex. 4). Given this state of affairs, and the apparent uncertainty of his marriage at that time, it cannot be said that the Service has carried its burden in establishing that the applicant was in fact aware of what had transpired concerning his visa petition, and that his failure to volunteer information on the subject to the consul constituted a willful misrepresentation of a material fact.

We also do not find that the Service has established that notice of the revocation of the approval of the visa petition was communicated to the applicant, or that he had actual notice of the revocation as set forth in section 205 of the Act which states:

> Sec. 205. The Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 204. Such revocation shall be effective as of the date of approval of any such petition. *In no case*, however, *shall such revocation have effect unless* there is mailed to the petitioner's last known address a *notice of the revocation and unless notice of the revocation is communicated through the Secretary of State to the beneficiary of the petition before such beneficiary commences his journey to the United States*. If notice of revocation is not so given, and the beneficiary applies for admission to the United States, his admissibility shall be determined in the manner provided for by sections 235 and 236. (Emphasis added).

The evidence relied on by the immigration judge is that contained in the applicant's testimony at the hearing and in the statement by him to the Service investigator taken on August 31, 1978 (Ex. 4). In that statement, as noted, the applicant relates his belief that his wife had withdrawn the visa petition, but that when he left the United States in November 1975, to go to Peru he did not know that the petition had been withdrawn. His testimony at the hearing was that he communicated with his wife on four or five occasions while he was in Peru waiting for his visa and she did not tell him that she had withdrawn the visa petition. He also testified that he did not receive any written notification from the Service or the State Department concerning revocation of the visa petition (Tr. pp. 27-28). The testimony and the statement contain the major evidence on the question of whether or not the applicant was notified of the revocation of the visa petition.

The Service has provided a copy of a cable addressed to the Commissioner of the Service for relay to the United States Consulate in Peru. But this in itself is not persuasive evidence that if received the cable was acted upon. In fact, quite the opposite conclusion could be drawn from the fact, that the visa was issued. Consequently, while there is a substantial amount of evidence showing that the applicant was aware that his wife may have withdrawn the visa petition, awareness of this

fact cannot be equated with actual notice of the revocation on the part of the applicant, particularly in light of the testimony concerning the apparent uncertainty of the marriage. So although we do not agree with the applicant that written notice of revocation to a beneficiary outside the United States is necessary under the terms of section 205 of the Act, there must be proof of actual notice for the requirements of the provision to have been met. In this case, there is only evidence establishing that the applicant was aware that the visa petition may have been withdrawn. This is not sufficient to establish that actual notice of revocation was received by the applicant before he left Peru for the United States. Since this is true, the revocation had no effect, the applicant was appropriately admitted as a lawful permanent resident in 1976 and he is not excludable under section 212(a)(20) of the Act. The appeal will accordingly be sustained.

ORDER: The appeal is sustained, the exclusion proceedings are terminated and the applicant is admitted into the United States.