MATTER OF MATELOT

In Exclusion Proceedings

A-26007558

*Decided by Board November 1, 1982*

(1) An immigration judge's refusal to admit as evidence findings of fact that are contained in a reported federal decision does not deprive an alien of the opportunity to fully present an asylum claim.

CHARGE:

Order: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of valid unexpired immigrant visa or other valid entry document

ON BEHALF OF APPLICANT:
James W. Gardner, Esquire
Brown, Bucalos, and Gardner
712 Lexington Building
201 West Short Street
Lexington, Kentucky 40507

ON BEHALF OF SERVICE:
Debra Gordon
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

This matter is before the Board on appeal from the immigration judge's decision of December 9, 1981, finding the applicant excludable from admission to the United States under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), and denying his application for asylum under section 208 of the Act.[1] The appeal will be dismissed.

The applicant is a 27-year-old native and citizen of Haiti who arrived in the United States on July 14, 1981, by boat near Miami, Florida. He had no documents with which to enter the United States and was held in detention by the Service. On September 1, 1981, he was served with Form I-122, "Notice to Applicant for Admission Detained for Hearing Before Immigration Judge," alleging that he was excludable from admis-

---

[1] The filing of an application for asylum in exclusion proceedings shall also be considered as a request for withholding of exclusion or deportation under section 243(h) of the Immigration and Nationality Act, 8 U.S.C. 1253(h). 8 C.F.R. 208.3(b); *see Matter of Exilus*, 18 I&N Dec. 276 (BIA 1982); *Matter of Portales*, 18 I&N Dec. 239 (BIA 1982); *Matter of Castellon*, 17 I&N Dec. 616 (BIA 1981).

sion to the United States under section 212(a)(20) of the Act as an immigrant not in possession of a valid immigrant visa. Following his initial two hearings before the immigration judge which were continued to permit the applicant to have counsel prepared and to submit an asylum application, the applicant filed Form I-589, "Request for Asylum in the United States," on October 16, 1981.[2] Upon receipt of an advisory opinion from the United States Department of State, Bureau of Human Rights and Humanitarian Affairs (BHRHA),[3] the exclusion hearing was resumed on December 9, 1981. The immigration judge found the applicant excludable as indicated above and denied his asylum application.

On appeal, the applicant submits that the Service has the burden of proving that exclusion proceedings are proper. He alleges it was error to deny his request to have the government's primary inspector verify that exclusion proceedings are appropriate. The applicant's argument is misplaced. It is clear that an applicant in exclusion proceedings has the burden of establishing that exclusion proceedings are improper. See section 291 of the Act; Matter of Phelisna, 18 I&N Dec. 272 (BIA 1982); Matter of De La Nues, 18 I&N Dec. 140 (BIA 1981); Matter of Pierre, 14 I&N Dec. 467 (BIA 1973); but cf. Matter of Salazar, 17 I&N Dec. 167 (BIA 1979) (colorable claim to lawful permanent resident status). The applicant has not alleged that he "entered" the United States, but, rather, testified that he intended to work in the United States, that he intended to live here permanently and that he had no document which would permit him to reside in this country. Thus, the record clearly establishes that the applicant is excludable under section 212(a)(20) of the Act as an immigrant without a valid immigrant visa or other valid entry document.

The applicant also raises various other arguments. He objects to the denial of his motion for "simultaneous translation" of the exclusion hearing. We find no error in the denial of this motion. See Matter of Exilus, 18 I&N Dec. 276 (BIA 1982).

---

[2] Although the applicant apparently filed an incomplete I-589 with the District Director, he states that he advised the District Director that a thorough I-589 would be submitted within 45 days. Because the District Director presumably denied the asylum application in a letter received by the applicant on November 30, 1981, the applicant submits that he was never given the opportunity to file a thorough I-589.

The applicant's contention is without merit. Although harmless, it was error for the District Director to rule on the I-589. Where an applicant for admission to the United States files an I-589 after being placed in exclusion proceedings, jurisdiction over his asylum claim lies exclusively with the immigration judge. See Matter of Dea, 18 I&N Dec. 269 (BIA 1982). The applicant was placed in exclusion proceedings on September 1, 1981, with the service of Form I-122. His asylum application was subsequently filed on October 16, 1981. Therefore, as the District Director had no authority to rule on the original I-589, the applicant has no basis upon which to submit an amended I-589 to the District Director for adjudication.

[3] See 8 C.F.R. 208.7 and 208.10(b).

The applicant contests the denial of his motion for parole. We find no error in the denial of this motion. The District Director has exclusive jurisdiction to parole an alien into the United States pursuant to 8 C.F.R. 212.5(a). Neither the immigration judge nor this Board has jurisdiction to exercise parole power. *Matter of Castellon,* 17 I&N Dec. 616 (BIA 1981); *Matter of Niayesh,* 17 I&N Dec. 231 (BIA 1980); *Matter of Lepofsky,* 14 I&N Dec. 718 (BIA 1974); *Matter of Conceiro,* 14 I&N Dec. 278 (BIA), *aff'd, Conceiro v. Marks,* 360 F. Supp. 454 (S.D.N.Y. 1973).

The applicant argues that the denial of background information relating to conditions in Haiti deprived him of the opportunity to fully present his asylum claim. In *Matter of Exame,* 18 I&N Dec. 303 (BIA 1982), we found that the applicant was not afforded a full and fair opportunity to present his persecution claim because the immigration judge categorically refused to admit background evidence pertaining to conditions in Haiti. These proceedings are distinguishable from *Exame,* however, in that the applicant's counsel admitted that he did not have the documents which he wished to present to the immigration judge for consideration (Tr. p. 20). Under the circumstances of these proceedings, we find no error in the immigration judge's refusal to receive unsubmitted documents. Moreover, some of the documents which the applicant sought to introduce were attached to his amended asylum application and were received into evidence.

In addition, we find no error in the immigration judge's refusal to admit the findings of fact in *Haitian Refugee Center v. Civiletti,* 503 F. Supp. 442 (S.D. Fla. 1980). These findings were made in proceedings separate and distinct from those in the instant case. Further, it is not necessary to introduce federal decisions into the proceedings inasmuch as the findings and conclusions set forth therein are a matter of record and can be cited. Moreover, on appeal, the Fifth Circuit agreed in part with the government's contention that the district court erred in entering findings of fact on life in Haiti and found that the district judge exceeded his authority to the extent he implied by his findings and conclusions that the plaintiffs' claims of fear of persecution merited the granting of asylum. *See Haitian Refugee Center v. Smith,* 676 F.2d 1023, 1042 (5 Cir. 1982).

The applicant alleges that he was denied effective assistance of counsel because his present counsel was not competent to handle this case, having no prior experience in immigration law. After reviewing the proceedings and the brief on appeal, we are unpersuaded that the applicant has sustained his burden of establishing that he was denied effective assistance of counsel.

Similarly, the applicant alleges that the immigration judge erred in refusing to grant a continuance because his counsel only had 9-days'

notice to prepare for the hearing and because he had received the State Department's advisory opinion immediately before the hearing. This argument is without merit. The record reflects that counsel's partner was present and had represented the applicant at his original hearing on September 1, 1981. Further, the record contains Form G-28, "Notice of Entry of Appearance as Attorney or Representative," which was filed by the applicant's counsel and which was received into evidence by the immigration judge on September 29, 1981. Therefore, at a minimum, the applicant's counsel had over two months and, more likely, had over three months to prepare for this case. The 9-day notice in advance of the continued hearing held on December 9, 1981, was not insufficient notice inasmuch as the applicant's counsel actually had a substantially greater period of time in which to prepare for the proceedings.

In addition, we find no error with the denial of a continuance to rebut the State Department's advisory opinion. The applicant does not allege what evidence would have been forthcoming if the continuance had been granted. Further, the applicant was given the opportunity to rebut the opinion expressed by the State Department and, in fact, did so by testifying and submitting an amended asylum application in support of his position. Moreover, the opinion is not binding on the immigration judge or this Board.

Finally, the applicant asserts that he has established his asylum claim, based on his rationale for escaping from Haiti and belief of the consequences of his return to that country. The applicant also contends that there is no evidence to show why he is not entitled to asylum inasmuch as the Service did not call any witnesses or present any proof to rebut his case.

An applicant for asylum or withholding of deportation must show that, if deported, he would be subject to persecution or that he has a well-founded fear of persecution based on his race, religion, nationality, membership in a particular social group, or political opinion. Section 208(a) of the Act. *See* section 243(h) of the Act; *Rejaie v. INS*, 691 F.2d 139 (3 Cir. 1982); *McMullen v. INS*, 658 F.2d 1312 (9 Cir. 1981); *Kashani v. INS*, 547 F.2d 376 (7 Cir. 1977); *Matter of Portales*, 18 I&N Dec. 239 (BIA 1982); *Matter of Martinez-Romero*, 18 I&N Dec. 75 (BIA 1981); *Matter of Dunar*, 14 I&N Dec. 310 (BIA 1973). *See also Stevic v. Sava*, 678 F.2d 401 (2 Cir. 1982). It is clear that, when presenting a claim, the applicant has the burden of proof in such proceedings. See 8 C.F.R. 208.5; *Haitian Refugee Center v. Smith, supra* at 1042-43; *McMullen v. INS, supra; Matter of Exilus, supra*. Moreover, an alien who makes an illegal departure from Haiti does not necessarily establish a well-founded fear of persecution under the Act. *See Matter of Exilus, supra. See also Matter of Nagy*, 11 I&N Dec. 8 (BIA 1966); *Matter of Liao*, 11 I&N Dec. 113 (BIA 1965).

*Liao,* 11 I&N Dec. 113 (BIA 1965).

The applicant believes that his claim should be granted because of his problems with the Ton Ton Macoutes and because he departed from Haiti without authorization. In essence, the applicant states that his father was imprisoned by the Ton Ton Macoutes for an unknown reason, but was released upon the payment of $60.00. The applicant further states that because he was responsible for his father's release, he was questioned many times by the Ton Ton Macoutes. After a friend told him that the Ton Ton Macoutes were looking for him, the applicant decided to leave Haiti.

The applicant has not established that he will be persecuted or that he has a well-founded fear of persecution within the contemplation of section 208(a) or 243(h) of the Act, regardless of whether his claim is assessed in terms of whether he has demonstrated a "clear probability," a "good reason," or a "realistic likelihood."[4] The applicant states that he departed from Haiti without permission. However, if returned, he has not shown how his perceived treatment will be different from other Haitians who departed from that country without authorization or that the penalty, if any, imposed by the Haitian government is within the meaning of the Act. Further, on this record we are unable to conclude that the questioning and possible arrest of the applicant by the Ton Ton Macoutes qualifies the applicant for asylum and section 243(h) relief, particularly when the contents of the questioning and reason for the perceived arrest are not a matter of record.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[4] Therefore, we find no error with the refusal of the immigration judge to submit the amended asylum application to the BHRHA of the Department of State for a second advisory opinion. *See* 8 C.F.R. 208.10(b).