Jesus EQUIHUA–EQUIHUA; Maria De Lourdes Equihua Petitioners,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 03–72094.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided Sept. 1, 2005.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Robert F. Jacobs, Esq., Law Offices of Robert F. Jacobs, PLC, Downey, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., Cindy S. Ferrier, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and WHALEY,* District Judge.

## MEMORANDUM **

Jesus and Maria de Lourdes Equihua–Equihua petition for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order denying cancellation of removal. For this court to have jurisdiction over such a discretionary decision, the asserted due process violation must be colorable, that is,

---

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"the claim must have some possible validity." *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) (internal citation and quotation marks omitted).

■ 1. Petitioners' contention that the BIA's four-year delay in publishing *In re Monreal*, 23 I & N Dec. 56 (BIA 2001, 2001 WL 534295), violated due process is not a colorable claim, as sufficient guidance existed on the "exceptional and extremely unusual hardship" standard. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring "exceptional and extremely unusual hardship" to United States citizen relative for cancellation of removal); *see also Matter of Pena–Diaz*, 20 I & N Dec. 841, 845 (BIA 1994) (holding that prima facie showing of "exceptional and extremely unusual hardship" was established where United States citizen child was undergoing treatment for congenital heart defect). The *Monreal* decision simply crystallized these tenets. Moreover, any perceived BIA delay did not affect Petitioners' ability to present evidence in light of *Monreal*, as their new counsel had one month to study *Monreal* prior to her initial appearance before the immigration court, and two additional months before the merits hearing.

■ 2. Similarly, Petitioners' argument that the IJ and the BIA violated due process by refusing to afford them an additional opportunity to present medical evidence states no colorable due process claim. Petitioners were given a reasonable opportunity to present evidence. *See Matter of Matelot*, 18 I & N Dec. 334, 337 (BIA 1982) (noting that a period of two to three months was sufficient preparation time). In fact, Petitioners never presented any medical evidence to the IJ or the BIA, even though their son's medical problem had existed since 1999, and removal proceedings began in 2000.[1] We lack jurisdiction to review Petitioners' thinly veiled abuse of discretion claims. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (holding that "abuse of discretion claims recast as due process violations do not constitute colorable due process claims over which we may exercise jurisdiction.") (citation omitted).

**PETITION DISMISSED.**

---

**1.** At oral argument, relying on *Colmenar v. INS*, 210 F.3d 967, 972 n. 5 (9th Cir.2000), Petitioners' counsel proffered evidence that their son underwent surgery on May 10, 2004. However, in *Colmenar*, we expressly declined to rule that a petitioner is entitled to present evidence outside the record. *See id.* Moreover, Petitioners could have offered documentation of their son's medical condition since 1999, when he was diagnosed. In any case, Petitioners' proffered evidence has little merit, since it is just a receipt, and in no way enlightens us as to any past or present hardship to Petitioners' son.

